**Keith D. Karnes**, Oregon State Bar ID # 033521
keith@keithkarnes.com
**Karnes Law Offices, PC**
1860 Hawthorne Ave NE Ste 10
Salem, OR   97301
Telephone (503) 385-8888
Fax (503) 385-8899

**E. Clarke Balcom**, OSB #011952
cbalcom@clarkebalcomlaw.com
**Jay B. Derum**, OSB #970119
jderum@clarkebalcomlaw.com
**Clarke Balcom, PC**
1312 SW 16th Ave, 2nd Floor
Portland, OR 97201
Telephone (503) 224-5950
Fax (503) 467-4669
      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ALINA NORCOM,** | Case No._____ |
| Plaintiff, | |
| v. | COMPLAINT |
| **LEASE FINANCE GROUP, LLC;** | Fair Credit Reporting Act |
| **JOSEPH I SUSSMAN, PC,** | (15 U.S.C. § 1681) |
| Defendants. | DEMAND FOR JURY TRIAL |

JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

COMPLAINT-1

2. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and for supplemental common law claims.

3. Venue is proper in this District because the acts and transactions occurred in this district and Plaintiff resides here in Clackamas County, which is within this district.

## PARTIES

4. Plaintiff Alina Norcom is a natural person who resides in the City of Wilsonville, Oregon and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Lease Finance Group, LLC, is a foreign limited liability company that is not licensed to do business in the State of Oregon.

6. Joesph I. Sussman, PC is a foreign professional corporation that is not licensed to conduct business in the State of Oregon.

## FACTUAL ALLEGATIONS

7. At all times relevant plaintiff was the director of the West Linn Med Spa ("WLMS").

8. As the director of WLMS plaintiff entered into a lease for credit card processing equipment through ICON Payment Solutions on or about November 18, 2008.

9. ICON Payment Solutions proposed a lease ("the Lease") with WLMS signed by plaintiff for one piece of equipment to be provided by Lease Finance Group, LLC (LFG").

10. All meetings and transactions between ICON and plaintiff occurred in Oregon.

11. Plaintiff provided a personal guarantee of the Lease.

12. After plaintiff had signed the lease some unknown party altered the lease and added additional equipment to the lease agreement without plaintiff's knowledge or consent.

13. When plaintiff learned that LFG was attempting to lease multiple pieces of equipment to WLMS, she rejected all of the terms of the Lease.

COMPLAINT-2

14. Plaintiff returned the leased equipment to LFG immediately upon cancellation of the Lease.

15. Further, the Lease was materially altered without plaintiff's consent and therefore is void and unenforceable.

16. Following the cancellation of the Lease defendant LFG debited from WLMS's bank account $107.95 per month beginning November 27, 2008.

17. Plaintiff repeatedly protested LFG's debits, but LFG continued to debit WLMS's account.

18. Plaintiff repeatedly informed ICON and LFG that 1) the lease was modified without her consent; 2) the lease was cancelled and 3) the equipment was returned.

19. ICON acknowledged the cancellation of the lease; however, LFG continued to attempt to collect from WLMS and plaintiff.

20. On or about October 15, 2013 LFG requested and obtained a copy of plaintiff's Trans Union credit report.

21. The report obtained by LFG was a consumer report because it was a written report that was compiled by Trans Union that contained information that bore on plaintiff's credit worthiness, credit standing, credit capacity, and mode of living.

22. LFG had no permissible purpose to review plaintiff's Trans Union credit report.

23. Joseph I Sussman, PC ("Sussman") is an attorney who practices law in the State of New York.

24. Sussman filed a complaint on behalf of LFG in New York alleging that plaintiff breached her personal guarantee of the Lease.

25. Sussman allegedly served plaintiff at 1983 Hillcrest Dr. West Linn, Oregon; however at the time of the alleged service in 2013, plaintiff did not live at this address.

COMPLAINT-3

26. Plaintiff was never served a copy of the New York complaint.

27. Sussman obtained a default judgment against plaintiff in the New York action.

28. Sussman garnished plaintiff's bank accounts and received payment from the garnished bank in an attempt to satisfy the default judgment entered against plaintiff.

29. Plaintiff has been damaged by Defendants' conduct in the form of money lost by the garnishment of the defendants; upset; worry; anxiety; frustration and other negative emotions.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury.   US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION
## COUNT I.

### NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (LFG)

15 U.S.C. § 1681 *et seq*.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The foregoing acts of LFG in reviewing plaintiff's credit report constitute violations of the FCRA including, but not limited to, 15 U.S.C. §§ 1681b(f) and 1681q.

33.     As a result of Defendants violations of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a) and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(b).

## COUNT II

### WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (LFG)

15 U.S.C. § 1681 *et seq*.

COMPLAINT-4

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts of LFG in reviewing plaintiff's credit report constitute willful violations of the FCRA including, but not limited to, 15 U.S.C. §§ 1681b(f) and 1681q.

36. As a result of Defendants violations of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a) or alternatively statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(B); punitive damages pursuant to § 1681n(a)(2); reasonable attorney's fees and costs pursuant to § 1681n(c).

## COUNT III

### Declaratory Relief – All Defendants

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants obtained a judgment based upon a complaint that was never served upon plaintiff.

39. At all times relevant plaintiff has lived in Oregon and conducted business in Oregon.

40. At all times relevant plaintiff has not availed herself of the jurisdiction of New York.

41. Defendants' conduct in obtaining a judgment without serving plaintiff in a jurisdiction that did not have jurisdiction over plaintiff entitles plaintiff to a declaratory judgment that the judgment entered against her in New York is void for lack of due process.

## COUNT IV

### MONEY HAD AND RECEIVED (ALL DEFENDANTS)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

COMPLAINT-5

43.    Defendants' conduct in garnishing plaintiff's bank account and receiving funds from the garnishment entitles plaintiff to damages for money had and received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) for an award of actual damages against each Defendant;

b) for an award of statutory damages against Lease Finance Group;

c) for an award of punitive damages against each Defendant;

d) for an award of costs of litigation and reasonable attorney's fees against each Defendant.

e) for such other relief that the Court may deem proper.

DATED: December 19, 2013

/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
503-362-9393
Attorney for Plaintiffs

COMPLAINT-6