**Lee C. Nusich**, OSB No. 772918
nusichl@lanepowell.com
**Brian T. Kiolbasa**, OSB No. 112890
kiolbasab@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2119

Attorneys for Defendants Lease Finance Group, LLC, and
Joseph I. Sussman, PC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ALINA NORCOM,**

Plaintiff,

v.

**LEASE FINANCE GROUP, LLC; JOSEPH I SUSSMAN, PC,**

Defendants.

Case No. 3:13-CV-02252-KI

Defendant Lease Finance Group, LLC's MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

Oral Argument Requested

## I. L.R. 7-1(a)(1)(A) CERTIFICATION

Counsel for defendant Lease Finance Group, LLC ("LFG") certifies that he has conferred with plaintiff's counsel in a good faith attempt to resolve the dispute that is the subject of this motion, but the parties have been unable to resolve the issues raised in this motion.

## II. MOTION

Pursuant to Federal Rules of Civil Procedure 56, LFG, by and through its counsel, respectfully moves this Court for an order dismissing plaintiff's claims against defendant LFG based on (1) the provisions of the *Rooker-Feldman* doctrine, which operates to bar plaintiff's

attempt to collaterally attack a New York state court judgment in Oregon's District Court; and, additionally or alternatively, (2) the applicable provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., which make clear that plaintiff's claims lack merit. In addition, LFG moves for summary judgment on its counterclaim for attorneys' fees. In support of this motion, LFG relies on the Memorandum of Law below, the Declaration of Robert Taylor ("Taylor Decl."), and the Court's files and records in this case.

## III. MEMORANDUM OF LAW

### A. Introduction.

Plaintiff Alina Norcom filed suit against defendant LFG and Joseph I. Sussman, PC ("Sussman") claiming, *inter alia*, violations of the Fair Credit Reporting Act ("FCRA"), arising out of a lease agreement between plaintiff and LFG, a New York equipment leasing company. Sussman is the law firm, retained by LFG, to enforce the lease and plaintiff's personal guaranty of the lease. Sussman is a New York corporation and is licensed to practice law in New York. Sussman has no offices in Oregon, and has never done business in Oregon.[1]

When plaintiff breached the terms of the lease agreement with LFG, Sussman filed a lawsuit in state court in New York on behalf LFG. Sussman then served plaintiff with a copy of the compliant and summons by U.S. Mail to plaintiff's Oregon address in accordance with New York law. JFG ultimately obtained a default judgment against plaintiff.

Plaintiff now attempts to challenge the validity of the New York state court judgment that LFG obtained, and claims that LFG has improperly garnished her bank account based upon that judgment. Additionally, plaintiff argues that LFG violated the FCRA by accessing plaintiff's credit report following entry of the New York judgment.

[1] Sussman has filed a motion to dismiss for lack of jurisdiction. (ECF No. 6.) Oral argument on that motion has been scheduled for April 28, 2014. (ECF No. 12.)

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**B. Statement of Facts.**

**1. Plaintiff executes lease for credit card processing equipment for use at her business in 2008.** Plaintiff is the director of West Linn Med Spa[2] ("WLMS"), a business that provides various cosmetic medicine and wellness services. (Compl. ¶ 7.) On November 18, 2008, plaintiff, on behalf of WLMS in her capacity as President, executed a lease with ICON Payment Solutions, Inc. ("ICON") for credit card processing equipment that was to be provided by LFG. (Compl. ¶¶ 8–9; Taylor Decl. Ex. 1.)

Plaintiff also executed the lease a second time, in her individual capacity, to personally guaranty the lease. (Compl. ¶ 11; Taylor Decl. Ex. 1.) In addition to her personal guaranty, plaintiff agreed to various terms, including a forum selection clause providing exclusive jurisdiction of all disputes arising from the lease in New York state or federal courts, to accept service of process via certified mail at the address she provided, to waive any right to trial by jury, and to allow ICON or its agents or assigns "continuing authority to obtain an investigative credit report from a credit bureau or credit reporting agency and [to] conduct credit checks concerning my credit history[.]" (Taylor Decl. Ex. 1.) Plaintiff executed the personal guaranty containing these provisions in her individual capacity, and provided her personal address, telephone number, and Social Security number. (*Id.*)

**2. Plaintiff purports to reject and cancel the lease.** Plaintiff alleges that an "unknown party" altered the terms of the lease after she had signed it. (Compl. ¶ 12.) Plaintiff alleges that she "rejected" and "canceled" the lease. (Compl. ¶¶ 13, 18.) Plaintiff does not articulate how or when she purportedly canceled the lease, other than stating she "protested" and "informed" ICON and LFG of her position, and returned the credit card processing equipment. (Compl. ¶¶ 17–18.)

**3. LFG files suit against plaintiff in New York.** On or about May 15, 2013, LFG filed a Verified Complaint against plaintiff in the Civil Court of the City of New York,

---

[2] On information and belief, WLMS has recently changed its name to Bridgeport Laser & Wellness Center. *See generally* http://www.pbwcenter.com (last visited March 27, 2014).

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

New York County, New York (the "New York Lawsuit"), to enforce plaintiff's personal guaranty following WLMS's payment default on the lease. (Taylor Decl. Ex. 2.) On September 23, 2013, LFG obtained a default judgment against plaintiff in the New York Lawsuit in the amount of $8,398.84. (Compl. ¶ 27; Taylor Decl. Ex. 3.) The judgment stemming from the New York Lawsuit remains unsatisfied. (Taylor Decl. ¶ 6.)

4. **LFG obtains plaintiff's credit report.** According to plaintiff, on or about October 15, 2013—approximately three weeks after obtaining a judgment against her in the New York Lawsuit—LFG obtained her credit report through a credit reporting agency, TransUnion. (Compl. ¶¶ 20–21.)

At approximately that same time, LFG also served an Information Subpoena and Restraining Notice dated October 15, 2013 ("Restraining Notice") pursuant to New York law upon Bank of America at that Bank's Legal Order Processing Center in Utica, New York. (Taylor Decl. Ex. 4.) This Restraining Notice is a process uniquely provided for under New York state collection law. Among other provisions, the Restraining Notice gave notice of LFG's judgment against plaintiff, sought information from Bank of America regarding plaintiff's accounts at the bank, and restrained the bank's dispossession of property that it held on plaintiff's behalf. (*Id.*)

Plaintiff now brings this lawsuit for damages under the guise of the FCRA and also seeks a judgment form this Court declaring the New York state court judgment to be void. However, as shown below, it is in fact an impermissible attempt to collaterally attack the New York state court judgment that LFG obtained against her.

**C. Argument.**

There are at least two reasons this Court should enter summary judgment in favor of LFG. First, plaintiff's claims are wholly barred by the *Rooker-Feldman* Doctrine. Second, even if *Rooker-Feldman* did not apply, the provisions of the FCRA exempt LFG from its reach under

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

the facts of this case. Moreover, plaintiff has no claim for "money had and received" because LFG has not garnished any funds from plaintiff as she contends. Each of these points will be discussed in turn below.

**1. The *Rooker-Feldman* Doctrine bars plaintiff's attempt to challenge the New York state court judgment in federal court.** Under the *Rooker-Feldman* Doctrine, a lower federal court has no jurisdiction to review a state court decision or judicial proceeding; state court litigants may obtain federal review only through a writ of certiorari by the United States Supreme Court. *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005). "A suit brought in federal court is a 'de facto appeal' forbidden by *Rooker-Feldman*, when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Carmona v. Carmona*, 544 F.3d 988, 995 (9th Cir. 2008) (*quoting Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)).

Here, the crux of plaintiff's claim is that she "rejected all terms" of an equipment lease that she had signed, thereby invalidating any basis LFG would have to collect on her personal guaranty, and by extension, vacating any permissible purpose that LFG may have had to access her credit report. (Compl. ¶ 13.) In short, plaintiff's Complaint seeks exactly the kind of "de facto appeal" of a state court action that is prohibited by *Rooker-Feldman.*

Indeed, plaintiff asks this Court to make precisely that determination. Plaintiff's third claim for relief claims that she was never properly served with process in the New York Lawsuit, and therefore the New York judgment "is void for lack of due process." (Compl. ¶ 41.) Despite plaintiff's protestations, this is not the correct forum within which to bring those claims. Courts have routinely held that *Rooker-Feldman* applies to both state law claims *and* federal constitutional claims that were, or could have been, raised in the state court proceedings. *Dist. of Col. Ct. of App. v. Feldman*, 460 U.S. 462, 484 n. 16 ("failure to raise * * * constitutional claims

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

in state court does not mean that a United States district court should have jurisdiction over the claims"); *Mothershed*, 410 F.3d at 607 (dismissing claims asserting violation of state law, due process and other constitutional violations).

If plaintiff contends that she was not served in a way that comports with the requirements of the New York state statutes, there are mechanisms available to her to attack that judgment --- in New York. This Court is simply the wrong forum and it has no jurisdiction to examine the proceedings in the New York State Court. To the extent plaintiff's claims attempt to challenge either the New York judgment, or LFG's actions to collect on the New York judgment, they are barred. Summary judgment in LFG's favor is therefore proper.

**2. Plaintiff's FCRA claims should be dismissed because they do not apply, and because LFG had permissible purposes to access her credit report under the FCRA.** Plaintiff purports to assert two causes of action under the FCRA, claiming LFG willfully or negligently obtained her credit report without a permissible purpose. (Compl. ¶¶ 31-36.) Each of these causes of action must be dismissed because plaintiff is not a "consumer," and her claims do not involve consumer credit reports, for which FCRA provides protection. Even if the FCRA did apply, LFG had written authorization to obtain plaintiff's credit report, and, moreover, LFG was also permitted by statute to obtain the report for purposes involving its decision to extend credit to plaintiff, and/or to review or collect plaintiff's account.

The FCRA is a consumer protection statute that regulates the collection, dissemination and use of *consumer* credit information. Along with its companion statute, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, it forms the basis of *consumer* credit rights under federal law. The courts have consistently held, and as the Federal Trade Commission expressly stated in the Code of Federal Regulations, the FCRA does not apply to credit reports issued in connection with a transaction involving the operator of a business. "A report on a consumer for credit or insurance in connection with a business operated by the consumer is not a 'consumer report,' and the Act does not apply to it." 16 C.F.R., Part 600, App.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

cmt. 6(b); *see, e.g., Tilley v. Global Payments, Inc.*, 603 F. Supp. 2d 1314, 1328 (D. Kan. 2009) (holding that the FCRA only protects individual consumers and, therefore, losses to businesses are not recoverable under the FCRA); *Lucchesi v. Experian Info. Solutions, Inc.*, 226 F.R.D. 172, 174 (S.D.N.Y. 2005) (consumer report generated for purposes of obtaining financing for the individual's business was not a "consumer report" under the FCRA); *Ley v. Boron Oil Co.*, 419 F. Supp. 1240, 1243 (W.D. Pa. 1976) (holding that the FCRA was not meant to cover business credit reports pertaining to business activities of the person who is the subject of the credit report). As a threshold matter, the FCRA does not apply to plaintiff's facts.

Even assuming, *arguendo*, that plaintiff's claims survive, notwithstanding that they were obtained for a business purpose, they should be dismissed because LFG would still be permitted to obtain the reports on multiple grounds set forth in the FCRA. To prove an impermissible access claim, "plaintiff must show that credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense." *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999). "'Permissible purposes' for obtaining credit information are set forth in 15 U.S.C. §1681b." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-CV-4207, 2012 WL 1038804 at *5 (E.D.N.Y. Mar 28, 2012). That statute provides, in pertinent part:

> any consumer reporting agency may furnish a consumer report under the following circumstances and no other: * * * (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer * * * (F) otherwise has a legitimate business need for the information—(i) in connection with a business transaction that is initiated by the consumer.

15 U.S.C. 1681b(a).

Here, plaintiff's personal guaranty contains her express and continuing authorization to LFG "to obtain an investigative credit report from a credit bureau or credit reporting agency and

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

conduct credit checks concerning my credit history * * *." (Taylor Decl. Ex. 1.) This is a permissible purpose under the FCRA. *See* 15 U.S.C. §1681b(a)(3)(A). For this reason, plaintiff's allegation that LFG lacked authority to access her credit report need not be accepted as true, as it is flatly contradicted by documentary evidence, and should be summarily dismissed.

Furthermore, even without obtaining the above written authorization, the record reflects that LFG obtained plaintiff's credit report for the purpose of assisting in the review of the account for collection and in evaluating what collection efforts should be made. (*See* Taylor Decl. ¶ 8.) This is a permissible purpose under subsection (a)(3)(A). Under that subsection, a person has a permissible purpose to obtain a credit report if it intends to use the information in connection with a credit transaction "involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); *see also McNall v. Credit Bureau of Josephine Cnty.*, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010) citing *Hasbun v. County of Los Angeles*, 323 F.3d 801, 803 (9th Cir. 2003) ("it is permissible to obtain a credit report with the 'inten[t] to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.' The Ninth Circuit interprets 'collection of an account' as collection of a debt.")

Here, plaintiff's personal guaranty of her business's lease obligations is a "credit transaction involving the consumer" within the meaning of 15 U.S.C. § 1681b(a)(3)(A). *See Edge*, *supra,* 64 F. Supp. 2d at 118 (personal guaranty is a credit transaction; obtaining credit report in connection with collection of account of personal guarantor is permissible purpose under the FCRA); *Alexander v. Textron Fin. Corp.*, No. 3:08CV553, 2009 WL 169076 at *2-3 (S.D. Miss. Jan. 26, 2009) (obtaining credit report to review account of personal guarantor was permissible under the FCRA; court granted summary judgment dismissing impermissible access claim under the FCRA); *Baker v. American Express Travel Related Services Co., Inc.*, No. CIV.A. 02-26-JBC, 2002 WL 1205065 at *2 (W.D. Ky. May 28, 2002) (American Express

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

had permissible purpose to pull credit report on individual who was responsible for payment of corporate debt, even if consumer did not believe he was personally liable); *cf. Breese v. TriAdvantage Credit Services*, 393 F. Supp. 2d 819, 823 (D. Minn. 2005) (obtaining credit report of co-signer of loan was permissible purpose under subsection (a)(3)(A) of the FCRA).

Under this same provision, LFG was also permitted to obtain plaintiff's credit report for the purpose of obtaining plaintiff's address or in evaluating what collection efforts should be made. *See, e.g.*, *Weitz v. Wagner*, No. 07-cv-1106, 2009 WL 4280284 at *4-5 (E.D.N.Y. Nov. 24, 2009) (it was permissible to obtain credit report to determine the exact amount owed by the debtor); *Blanc v. Palisades Collection, LLP*, No. 06 Civ. 1626, 2007 WL 3254381 at *9 (S.D.N.Y. Nov. 1, 2007) (obtaining a report for the purpose of obtaining plaintiff's address [i.e. skip tracing] is permissible purpose); *Stonehart, supra,* 2001 WL 910771 at *4 (obtaining report for purposes of locating debtor and collections is permissible); *Allen v. Kirkland & Ellis*, No. 91 C 8271, 1992 WL 206285, at *2 (N.D. Ill. Aug. 17, 1992) (preparation for litigation to collect a business debt constitutes a permissible purpose for obtaining a credit report). This is true whether or not LFG had plaintiff's authorization to do so.[3]

In sum, the report that LFG obtained in connection with plaintiff's guaranty is not a "consumer report" within the meaning of the FCRA, and the FCRA does not apply to plaintiff's claims. Even if it did apply, LFG was permitted to obtain a credit report pursuant to defendants' written authorization and for the purpose of extending credit to plaintiff, or to review or collect plaintiff's account. As such, LFG is entitled to summary judgment dismissing counts one and two of plaintiff's complaint.

[3] A written authorization from the consumer is not required under section (a)(3)(A). *See Kennedy v. Victoria's Secret Stores, Inc.*, No. Civ.A. 03-2691, 2004 WL 2186613, (E.D. La. Sep. 29, 2004); *Edge, supra* 64 F. Supp. 2d at 116; *Beckstrom v. Direct Merchant Credit Card Bank*, No. Civ. 04-1351, 2005 WL 1869107 at *3 (D. Minn. Aug. 5, 2005).

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

3. **Plaintiff has suffered no damages because no garnishment has taken place.** Plaintiff's fourth and final claim alleges that defendants have wrongfully garnished plaintiff's bank account, entitling her to damages. (Compl. ¶ 43.) This is not the case.

The facts are that none of plaintiff's bank accounts have been garnished for the simple reason that no garnishment has ever issued by LFG from the New York judgment. LFG did issue the Restraining Notice to Bank of America in Utica, New York, but this Restraining Notice served only to restrain Bank of America from allowing any assignment or transfer of any of plaintiff's accounts maintained with Bank of America. LFG has not collected any funds as a result. (Taylor Decl. ¶ 9.) Furthermore, even if LFG had garnished plaintiff's bank account, it would be entitled to do so as a result of the judgment it obtained in the New York Lawsuit. Put simply, plaintiff could have no claim for money had and received even if money had been garnished because the New York judgment is valid, plaintiff never having appealed from the judgment nor moved to set it aside in New York, and plaintiff cannot collaterally attack it in this Court.

4. **LFG is entitled to its attorney fees pursuant to the parties' contract.** LFG has brought a counterclaim against plaintiff for its attorneys' fees and expenses incurred in defending its rights under the lease in this action. (*See* ECF No. 8 at 9.) The lease plaintiff executed as both President of WLMS and as personal guarantor contains the following provision in the "Personal Guaranty" portion of the agreement:

> I, the undersigned, individually, absolutely and unconditionally guaranty to Lessor the prompt payment when due all of Lessee's obligations to Lessor under the Lease. * * * *I agree to pay all reasonable attorney's fees and other expenses Lessor incurs in enforcing this guaranty and Lease.* * * * This is a continuing guaranty * * * and may be enforced by or for the benefit of any assignee or successor of Lessor.

(Taylor Decl. Ex. 1 at 1 (emphasis added).)

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

By the clear terms of the agreement, LFG is entitled to attorneys' fees and costs incurred in having to enforce or protect its rights under the lease. (*Id.*) Plaintiff has conceded that she executed the lease. (Compl. ¶¶ 8–9, 11.) Therefore, pursuant to ORS 20.096, LFG should be awarded its attorneys' fees and costs to be determined pursuant to Fed. R. Civ. P. 54.

## IV. CONCLUSION.

For all the reasons stated herein, LFG respectfully requests that the Court grant summary judgment in its favor and dismiss all of plaintiff's claims with prejudice. This Court should also award LFG its attorneys' fees and costs on its counterclaim to be determined pursuant to Fed. R. Civ. P. 54.

DATED: April 2, 2014

LANE POWELL PC

By
Lee C. Nusich, OSB No. 772918
Brian T. Kiolbasa, OSB No. 112890
Telephone: 503.778.2119
Attorneys for Defendants Lease Finance Group, LLC, Joseph I. Sussman, PC

PAGE 11 - DEFENDANT LEASE FINANCE GROUP, LLC'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

710568.0001/5955490.4