UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**ALINA NORCOM**,

              Plaintiff,

v.

**LEASE FINANCE GROUP, LLC;**
**JOSEPH I SUSSMAN, PC**,

              Defendants.

Case No. 3:13-cv-2252-KI

OPINION AND ORDER

    Keith D. Karnes
    Karnes Law Offices, PC
    1860 Hawthorne Ave. NE Suite 10
    Salem, OR 97301

    E. Clarke Balcom
    Clarke Balcom, PC
    1312 SW 16th Ave., 2nd Floor
    Portland, OR 97201

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Lee C. Nusich
Brian T. Kiolbasa
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158

    Attorneys for Defendants

KING, Judge:

Plaintiff brings a complaint under the Fair Credit Reporting Act ("FCRA") and the Declaratory Judgment Act against Lease Finance Group, LLC and Joseph I. Sussman, P.C. Pending before me are Lease Finance Group's Motion for Summary Judgment and Sussman's Motion to Dismiss. For the following reasons, I grant both motions and dismiss this case.

## FACTS

As the director of West Linn Med Spa, plaintiff entered into a lease on November 18, 2008 for a credit card processing machine financed by defendant Lease Finance Group. Plaintiff personally guaranteed the lease. After she signed the lease, plaintiff alleges an unknown party altered the lease and added equipment to the lease agreement without her knowledge or consent. Plaintiff cancelled the lease and returned the equipment. Lease Finance Group continued to debit from plaintiff's account $107.95 a month. Plaintiff protested the debits.

Defendant Sussman, a law firm in New York, filed a complaint against plaintiff in New York on October 10, 2012 alleging breach of personal guarantee. Sussman served the complaint by mailing it to the West Linn, Oregon address appearing on the lease, where plaintiff no longer lived. Sussman obtained a default judgment in New York. On October 15, 2013, Lease Finance Group requested a copy of plaintiff's credit report. That same day, on behalf of Lease Finance Group, Sussman issued an Information Subpoena and Restraining Notice to Bank of America to

restrain the funds in plaintiff's New York bank account. Lease Finance Group has not yet received or collected any funds from plaintiff.[1]

Plaintiff seeks a declaratory judgment that the default judgment entered in New York is void for lack of due process. She also seeks damages for money had and received and for violations of FCRA.

## LEGAL STANDARDS

I.    <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)</u>

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124, 1127 (9th Cir. 2010). Without an evidentiary hearing, "the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" <u>Id.</u> (quoting <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court must construe plaintiff's uncontroverted factual allegations as true, "'and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor.'" <u>Id.</u> (quoting <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002)).

II.    <u>Motion for Summary Judgment</u>

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material

---

[1] Plaintiff alleges in her Complaint and states in her declaration that Lease Finance Group "garnished" her bank account. She appears to concede in her Response that the effect of the Information Subpoena and Restraining Notice was to freeze her bank account. She offers no evidence, other than her statement, that Lease Finance Group collected money from the account.

Page 3 - OPINION AND ORDER

fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

I.  Motion to Dismiss Joseph I. Sussman, P.C.

Sussman moves to dismiss plaintiff's claims against it for lack of personal jurisdiction.

A.  Legal Standards

The jurisdictional reach of the federal court over a defendant in a diversity action is determined by the law of the forum state. Oregon extends jurisdiction to the outer limits permitted by the state and federal constitutions. Or. R. Civ. Pro. 4L. Consequently, resolution of Sussman's motion turns on whether the exercise of jurisdiction would violate federal constitutional principles of due process. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760, 760 n.1 (9th Cir. 1990).

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The constitutional due process test may be satisfied by a finding of either general or specific jurisdiction. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986).

Page 4 - OPINION AND ORDER

Both parties agree there is no general jurisdiction here. When general jurisdiction is inappropriate, the Ninth Circuit has recognized application of a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Pebble Beach Co., 453 F.3d at 1155 (quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

    B.  Application of the Specific Jurisdiction Test

The Ninth Circuit has "refined" the first element to require assessment of whether the defendant has "purposefully availed" itself of the privilege of conducting activities in the forum, or "purposefully directed" his activities toward the forum. Pebble Beach, 453 F.3d at 1155. The former test is generally applicable in the context of a contract dispute, while the latter is most often used when tort claims are alleged. Brayton Purcell LLP, 606 F.3d at 1128.

Plaintiff agrees the "purposefully directed" test applies here. Accordingly, plaintiff must demonstrate Sussman "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. Importantly, while "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties[,] a defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction." Walden v. Fiore, 134 S. Ct. 1115, 1123 (2014) (knowledge of plaintiffs' contacts with Nevada, and that plaintiff suffered foreseeable harm in Nevada, did not constitute "minimum contacts"). A defendant may

Page 5 - OPINION AND ORDER

be haled into court "based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." Id. (quotation omitted).

Plaintiff contends Sussman purposefully directed its conduct at the State of Oregon in two ways: (1) it sent notices, letters, and other documents to plaintiff's Oregon address; and (2) it "garnished" plaintiff's bank account. Sussman knew or should have known, according to plaintiff, that its conduct would cause plaintiff economic and emotional damage.

Sussman's actions were directed at *plaintiff*, not at the State of Oregon. Sussman represented a New York client in obtaining a default judgment in a New York court. The bank account upon which it served the Information Subpoena and Restraining Notice was in New York. Its only connection with Oregon was sending a demand letter to the Oregon address plaintiff placed on the lease, mailing a copy of the summons and complaint to the same address, and mailing a copy of the default judgment to the same address. Absent plaintiff's connection with Oregon, Sussman would have no affiliation with the State.

Plaintiff has also failed to establish the second factor; her claims do not arise out of or relate to Sussman's activities in the State of Oregon because none of Sussman's conduct occurred here. It litigated a case against plaintiff in the State of New York. Sussman has not attempted to collect on the default judgment in Oregon; it served a restraining notice on the Bank of America in New York.

Since plaintiff fails to meet her burden on the first and second prongs, I need not address whether it would be reasonable to exercise personal jurisdiction over Sussman.[2] Sussman's motion to dismiss is granted for lack of personal jurisdiction.

II.     Motion for Summary Judgment Dismissing Lease Finance Group, LLC

Lease Finance Group urges judgment in its favor because plaintiff's complaint is barred by the *Rooker-Feldman* doctrine and, in any event, her claims fail under FCRA. It also seeks judgment on its counterclaim for attorney fees.

   A.    *Rooker-Feldman* Doctrine

Lease Finance Group argues plaintiff's lawsuit is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction when a party seeks reversal of a state court judgment. As explained by the Ninth Circuit, "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163-64 (9th Cir. 2003). A federal district court lacks subject matter jurisdiction to hear such a matter. Id. I must construe the doctrine narrowly. ExxonMobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine bars plaintiff's challenge to Lease Finance Group's actions with respect to obtaining a default judgment in New York, but does not bar her claims under FCRA or for money had and received. As explained by the Ninth Circuit,

---

[2]Plaintiff separately argues that the lease terms, including the forum selection clause and service by mail provision, are unenforceable. This argument is irrelevant to whether the Court may exercise personal jurisdiction over Sussman.

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

Noel, 341 F.3d at 1164.

Plaintiff alleges Lease Finance Group failed to properly serve her and then obtained a default judgment against her in a court that did not have jurisdiction over her, in violation of her due process rights. She seeks a declaration that the New York judgment "is void for lack of due process." Compl. ¶ 41. Although plaintiff did not name the court as a defendant in this case, the implication of plaintiff's challenge is that the New York court should not have entered a default judgment against her when she was not properly served and when it did not have jurisdiction over her. I could not grant plaintiff's request for relief without also "determin[ing] that the state court's decision was wrong and thus void." Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (plaintiff sought to enjoin defendant from obtaining proceeds of sale of property, which would directly implicate state court judgment quieting title in defendant). As a result, this claim must be dismissed.[3]

Plaintiff also alleges Lease Finance Group violated the FCRA by accessing her credit report after it obtained a judgment against her, and that she is entitled to damages for money had and received for Lease Finance Group's "garnishment" of her bank account. While both of these

---

[3]Plaintiff's claim fails for the additional reason that the Fourteenth Amendment is directed only at "any State," but Lease Finance Group is a private entity and plaintiff makes no allegation or argument that Lease Finance Group was acting jointly with the State, its agencies or officials. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982) (must have "state action" to bring a due process claim). Plaintiff has no cause of action against Lease Finance Group for any due process violation.

claims touch on the default judgment entered by a New York court, and a decision in favor of plaintiff would undermine the New York judgment, in an abundance of caution I conclude the doctrine is not applicable to these claims. As the Supreme Court explained, "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party. . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil, 544 U.S. at 293 (quotation omitted). Plaintiff does not allege in these claims that the state court committed legal error or that she is entitled to relief from the state court judgment. These are claims made against Lease Finance Group as an adverse party. Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) ("Without a direct challenge to a state court's factual or legal conclusion, [plaintiff's] suit is not a forbidden de facto appeal, and *Rooker-Feldman* is inapplicable.").

  B. Fair Credit Reporting Act

Lease Finance Group alternatively argues plaintiff's FCRA claims should be dismissed because, as a business owner of West Linn Med Spa, plaintiff is not a "consumer" protected by FCRA. Alternatively, it contends, the statute permitted Lease Finance Group's access of plaintiff's credit report.

Assuming without deciding that FCRA applies in this context, I agree Lease Finance Group was permitted to access plaintiff's credit report as a matter of law. The statute provides, in relevant part:

> any consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe–(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished

>and involving the extension of credit to, or review or collection of an account of, the consumer[.]

15 U.S.C. § 1681b(a).

Here, the personal guaranty appearing in the lease, to which plaintiff agreed, grants permission to Lease Finance Group "to obtain an investigative credit report from a credit bureau or credit reporting agency and conduct credit checks concerning my [plaintiff's] credit history." Taylor Decl. Ex. 1. Consequently, Lease Finance Group was permitted to request plaintiff's credit report. 15 U.S.C. § 1681b(a)(2). Alternatively, FCRA authorized Lease Finance Group to obtain plaintiff's credit report in order to collect on the judgment it obtained against her. 15 U.S.C. § 1681b(a)(3)(A); 16 C.F.R. § 604(3)(A)(2) ("A judgment creditor has a permissible purpose to receive a consumer report on the judgment debtor for use in connection with collection of the judgment debt, because it is in the same position as any creditor attempting to collect a debt from a consumer who is the subject of a consumer report.").

Plaintiff disputes the existence of a valid contract because it was altered after she signed it and because she cancelled the lease and returned the unused equipment. She also contends collection efforts pursuant to a void judgment cannot be justified under FCRA.

Lease Finance Group repeatedly urges that plaintiff cannot challenge the judgment, or the contract, in this court, but it avoids using the words "res judicata," "collateral estoppel," or related terms. Reply 1 (plaintiff "cannot challenge the validity of the New York judgment" here); Reply 2 ("there are no grounds for this Court to review a facially valid judgment"); Reply 4 ("if plaintiff maintains that the New York judgment is void and obtains relief from the New

Page 10 - OPINION AND ORDER

York state court, she will be able to present her claims regarding the lease" at that time); Reply 6 ("The judgment is valid, and will remain so until a New York court declares otherwise.").

In evaluating the preclusive effect of the default judgment on the claims and issues plaintiff raises, I am bound by New York law. 28 U.S.C. § 1738 (court required to apply state's collateral estoppel principles as a matter of full faith and credit); Gayden v. Nourbakhsh, 67 F.3d 798, 800 (9th Cir. 1995). Here, plaintiff challenges the existence of a valid contract and disputes the validity of the default judgment. New York courts have concluded, however, that collateral estoppel cannot apply to a default judgment because the doctrine requires that the issue have been "actually litigated." Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455, 482 N.E.2d 63 (N.Y. 1985). Nevertheless,

> [i]n general, a default judgment is a presumptively valid judgment entitled to enforcement, unless or until reversed or set aside. To avoid enforcement of a default judgment, a defendant must move to vacate and offer both a reasonable excuse for its default and a meritorious defense to the underlying action.

Bedford Med. Care, P.C. v. Encompass Ins. Co., 31 Misc. 3d 222, 915 N.Y.S.2d 452 (N.Y. Civ. Ct. 2011); All Terrain Props., Inc. v. Hoy, 265 A.D.2d 87, 91, 705 N.Y.S.2d 350 (N.Y. App. Div. 2000) (default judgment is presumptively valid until reversed or set aside); Gianatasio v. D'Agostino, 862 F. Supp. 2d 343, 350-51 (S.D.N.Y. 2012) ("New York courts have held that a prior default judgment bars a subsequent suit on issues which were or could have been determined in the earlier action").

The full faith and credit requirement of 28. U.S.C. § 1738 and New York law compel me to treat the default judgment as a valid judgment which Lease Finance Group was entitled to enforce through its collection efforts. As a result, I accept Lease Finance Group's reliance on

FCRA's statutory and regulatory permission to access plaintiff's credit report. Plaintiff's FCRA claims fail as a matter of law.

### C. Money Had and Received

Finally, plaintiff brings a claim for money had and received. Under Oregon law, such a claim requires plaintiff to prove Lease Finance Group "has money in [its] hands belonging to [her], which, in equity and good conscience, [it] ought to pay over to [her]." Briggs v. Lamvik, 242 Or. App. 132, 144, 255 P.3d 518 (2011).

Aside from the fact that Lease Finance Group requested only that the funds be "restrained" pursuant to judgment entered against plaintiff, and has not actually garnished plaintiff's money, the claim is again stymied by the requirement that I give the New York court's default judgment the full faith and credit it deserves.

This claim is dismissed as a matter of law.

### D. Attorney Fees and Costs

In its counterclaim, Lease Finance Group seeks an award of attorney fees and costs pursuant to the following provision in the lease:

> I, the undersigned, individually, absolutely and unconditionally guaranty to Lessor the prompt payment when due all of Lessee's obligations to Lessor under the Lease . . . . I agree to pay all reasonable attorney's fees and other expenses Lessor incurs in enforcing this guaranty and Lease.

Taylor Decl. Ex. 1, at 1. Plaintiff does not offer a response.

Defending this lawsuit is not "enforcing this guaranty and Lease." Accordingly, I do not award Lease Finance Group its attorney's fees or costs, and I dismiss the counterclaim.

## CONCLUSION

For the foregoing reasons, I grant the motion to dismiss Joseph I. Sussman, P.C. [6] for lack of personal jurisdiction, and I grant Lease Finance Group, LLC's motion for summary judgment [13]. I dismiss Lease Finance Group's counterclaim for attorney fees and costs. This case is dismissed.

IT IS SO ORDERED.

DATED this    17th    day of June, 2014.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge